IN RE APPLICATION OF D. W. LYNCH COMPANY, A CORPORATION OF THE STATE OF DELAWARE, FOR A LICENSE TO SELL INTOXICATING LIQUOR AT FOURTH AND MADISON STREETS, IN THE CITY OF WILMINGTON.

*License to Sell Intoxicating Liquors—Applicant—Corporation.*

1.    An application to sell intoxicating liquors made by a corporation will not be refused, if the only objection to the granting of the license is the fact that the applicant is a corporation, and not a natural person.

Del. statute:—*Rev. Code* (1893), *Chap.* 5, *Sec.* 1, *paragraph X;* *Chap.* 418, *Sec.* 3., *Vol.* 14, *Laws of Del., Rev. Code* (1893)*p.* 412.

(*Decmber* 1, 1909.)

Judges BOYCE and HASTINGS sitting.

*Herbert H. Ward* for applicant.

*Caleb E. Burchenal* for exceptants.

Court of General Sessions, New Castle County, November Term, 1909.

The application for a license was made under *Section 8, Chapter 125, Volume 25, Laws of Delaware.* The exception filed was, in effect, that the applicant, being a corporation, was not a *person* who, within the meaning of the statutes of the State of Delaware, may be licensed to sell intoxicating liquors.

*Burchenal* for exceptants contended:

*First.* It is clear that the Legislature intended to limit the word "any person" to human beings and not to extend this special privilege to corporations, because the Legislature qualified the word "person" by the words of "full age" and this qualification would be mere surplusage in the case of a corporation, as a corporation is never a minor.

*Second.* The Legislature also qualified the words "any person" by the words "good moral character," and a corporation is not a moral agent and has no character, as character refers to personal qualities. Therefore the only parties who can hold a license to sell intoxicating liquors in the State of Delaware are persons who are capable of being of full age and also capable of possessing a good moral character.

*Third.* The law also requires that the applicant for a Liquor Merchant's License shall obtain the same on complying with the same conditions required of persons applying for a license to keep an Inn or Tavern which makes it necessary to present the same certificate required for an Ordinary, Inn or Tavern License. The law requires that the said "certificate shall clearly state that the applicant is a person of full age, that he is a *man* of sobriety and good moral character," etc.

*Vol.* 14, *Chapter* 418, *Section* 3, *Laws of Delaware, Revised Code page* 412.

The word "man" in the certificate removes all doubt as to the fact that a natural person is the only person given the authority to hold a Liquor Merchant's License. The signers to the certificate could not certify that a corporation is a *man* of sobriety. A corporation cannot fall within the description of the word "man."

*Ward,* for applicant, replied, contending:

*First.* That the word "person" applied to corporations as well as to natural persons;

*Second.* That such licenses had been granted to corporations by the Court for so many years that it was now *stare decisis,* which should not be set aside.

HASTINGS., J., delivering the opinion of the Court:

In the matter of the application of D. W. Lynch Company, a corporation, for approval of license to sell intoxicating liquors, the following objections have been filed and urged against it:

"We are informed and believe that the said D. W. Lynch Company is a corporation existing under the laws of the State of

Delaware, and is not a person of full age and good moral character who may be licensed to sell intoxicating liquors under the license designated as a 'Liquor Merchant's License,' as provided in the statutes of the State of Delaware."

*Chapter* 5 *of the Revised Code*, 43, being an Act entitled "Rules of Construction of Statutes," at *Section* 1, *paragraph* X, provides: "The word 'person' may extend to and include bodies politic and corporate, as well as individuals."

*Chapter* 418, *Volume* 14, being an Act entitled "An Act Regulating the Sale of Intoxicating Liquors," was passed April 10, 1873.

An examination of the records shows that the Court has for years been approving applications of corporations to sell intoxicating liquors under this law. It has therefore become the settled practice, and we must assume that this Court has passed upon this very question, and in the absence of legislation excluding corporations, we do not now feel justified in reversing the decision and practice of the Court, and refuse to approve an application where the only objection urged is that the applicant is a corporation.